**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

RONALD NASIR MAHDI,        *

     Petitioner,           *

                                   Case No. 5:09-CV-90058 HL

vs.                       *            28 U.S.C. § 2255

                                  Case No. 5:03-CR-52 HL

UNITED STATES OF AMERICA,   *

     Respondent.          *

## REPORT AND RECOMMENDATION

Petitioner Mahdi's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

A Superseding Indictment was filed in this Court on August 21, 2003, charging Petitioner Mahdi with various counts of Bank Robbery, Possession of a Firearm, and Assault. (Doc. 29).   On September 3, 2003, Petitioner Mahdi entered into a Plea Agreement (Doc. 35) with the Government and pled guilty to Counts One through Four of the Superseding Indictment. (Doc. 36, 38).   The remaining Counts were dismissed upon Government motion.  Petitioner was sentenced to a total term of imprisonment of 550 months and final Judgment was entered in his case on April 7, 2004.  (Doc. 46).  Petitioner Mahdi did not appeal his conviction and sentence.

On August 6, 2009, Petitioner Mahdi placed in prison mail his present Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 70).  He has not filed any previous § 2255 motion, but it readily appears that this motion is untimely by approximately four years and four months.  He suggests in his Motion, in regard to the timeliness of same, "Newly discovered

evidence – changes to gun laws – being done now.  Has of Law 2006- 2007 that was not law when

I was convicted in 2004."  (Doc. 70 at 11).

## Conclusion of Law

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28

U.S.C. § 2255,effective on April 24, 1996, in relevant part, provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this
> section.  The limitation period shall run from the latest of -
> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created
> by governmental action in violation of the Constitution or laws
> of the United States is removed, if movant was prevented from
> making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized
> by the Supreme Court, if that right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases
> on collateral review; or
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

In *Adkins v. United States,* 204 F.3d 1086 (11th Cir. 2000), our Circuit Court held that when

no direct appeal is made, the judgment of conviction becomes final once "the opportunity for direct

appeal of the judgment is exhausted."  *Id.* at 1089.  Even if there had been a change in gun laws in

2006 or 2007, as Petitioner Mahdi suggests, his present Motion To Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255, filed on August 6, 2009, is still more than a year beyond the

period of limitations provided in 28 U.S.C.§ 2255(f)(3), and he has suggested no legal or equitable

cause for tolling the period provided in the statute.  Moreover, any retroactive change in the U.S.

Sentencing Guidelines relating to firearms should be addressed by action under 18 U.S.C.§

3582(c)(2) and not by a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.

§ 2255.

In *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, (1985), the United States Supreme Court ruled:

> The notion that a filing deadline can be complied with by filing something after the deadline falls due is . . . a notion without principle. If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statute of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.

*Id.,* 471 U.S. at 101, 105 S.Ct. at 1796.  "A filing deadline cannot be complied with, substantially or otherwise by filing late – even one day."  *Carlisle v. United States*, 517 U.S. 416, 430, 116 S.Ct. 1460 (1996).

Petitioner Mahdi's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed four years and four months after expiration of the AEDPA one-year period of limitations, is time barred.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's § 2255 Motion be DISMISSED as time-barred.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 12th day of August 2009.

**S/ G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**

3

4